IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ARKANSAS
CIVIL DIVISION

FILED
FOR RECORD
RECORDED IN BOOK ____ PAGE ___

2016 APR  4  PM 10 22

CHRYSTAL PORTER )
)
PLAINTIFF, )
)
vs. )
)
LOVE'S TRAVEL STOPS & COUNTRY )
STORES, INC., and )
)
JOHN DOE 1, JOHN DOE 2, AND JOHN DOE 3, )
)
DEFENDANTS. )

CASE NO. 240CV-16-38 (CT).

*JURY TRIAL DEMANDED*

## COMPLAINT

COMES NOW the Plaintiff, Chrystal Porter, by and through her undersigned counsel, Jarid M. Kinder, and for her Complaint states as follows, to-wit:

### INTRODUCTION

1.    This is an action for ordinary negligence, negligent hiring, negligent training, negligent supervision, negligent retention, and for punitive damages, stemming from an incident occurring on January 11, 2015 at the Love's Travel Stop in Ozark, Arkansas.

### PARTIES

2.    Plaintiff Chrystal Porter, at the time of the incident(s) giving rise to this action, was a resident of Fulton County, Georgia.

3.    Defendant Love's Travel Stops & Country Stores, Inc. (hereinafter "Loves") is for-profit foreign corporation with its principle address at 10601 N. Pennsylvania Avenue, Oklahoma City, Oklahoma 73120. Loves is licensed to do business in Arkansas and may be served through its registered agent for service of process, The Corporation Company, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

1


EXHIBIT
A

4.      Pursuant to Ark. Code Ann. § 16-56-125, any person, for the purpose of tolling the statute of limitations, may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor(s) is unknown.

5.      In the alternative, the name of the unknown tortfeasor(s), individual person or entity, shall be designated by the pseudonym John Doe.  Thus, in this case, John Doe 1, in the alternative, is the official name of any individual person defendant or entity with which any individual person defendant may be associated.  Furthermore, if there is more than one (1) such unknown tortfeasor, person or entity, the use of John Doe 2, John Doe 3, etc., is also appropriate.

6.      Upon determining the identity of any current unknown tortfeasor(s) person or entity, Plaintiffs will amend this complaint by substituting the real name for the pseudonym.

7.      The Plaintiff has attached hereto the affidavit of Plaintiffs' attorney that the identity of the tortfeasor(s) is unknown pursuant to Ark. Code Ann. § 16-56-125. Exhibit 1.

<u>JURISDICTION AND VENUE</u>

8.      Jurisdiction is proper under A.C.A. § 16-13-201, which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is given to other courts. Jurisdiction is also proper under the Arkansas Constitution, Amendment 80 § 6(A), which states that circuit courts are established as trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Constitution.

9.      Venue is proper under A.C.A. 16-60-112, which states that all actions for damages for personal injury shall be brought in the county where the incident occurred or the county where the person injured resided at the time of the incident.

FACTS

10.     On or around January 11th of 2015, the Plaintiff Chrystal R. Porter was traveling East on Highway 40 when she stopped for gas and dinner at the Love's Travel Stop in Ozark, AR.

11.     Upon exiting the Loves Travel Stop, while heading to her vehicle, the Plaintiff Chrystal Porter slipped on a patch of ice located under the awning where her truck was refueling.

12.     Following this incident, Love's Travel Stop employees removed the ice hazard and an internal report was filled.

13.     In the days, weeks, and months following the incident, the Plaintiff Chrystal Porter began to treat for injuries that she sustained. The treatment continues to this day, it includes, but is not limited to, countless trips to doctors and hospitals, and therapy.

COUNT I - NEGLIGENCE

14.     The Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

15.     At the time of the incident, the ordinary negligence of Defendant Loves, included, but was not limited to:

    a) The Defendant Loves had a duty to the Plaintiff Chrystal Porter to exercise ordinary care and to maintain the premises in a reasonably safe condition.

    b) The Defendant Loves breached their duty to the Plaintiff Chrystal Porter by failing to maintain the premises in a reasonably safe condition, and;

    c) As a direct and proximate result of Defendants Loves failure to exercise reasonable care to maintain the premises in a reasonably safe condition,

3

Plaintiff sustained damages as set forth herein for an amount to be proven at trial.

16.    As a direct and proximate result of the above-described negligent acts of the Defendant, the Plaintiff Chrystal Porter was injured. The damages proximately caused are set forth below in the damages section.

## COUNT II – NEGLIGENT HIRING

17.    The Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

18.    The Defendant Loves had a duty to have adequate policies and procedures in place to ensure that they hire trained, qualified, and competent employees and management for its facilities.

19.    The Defendant Loves failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the hiring of employees and management that were neither qualified nor competent to perform the duties of maintaining a safe premises for consumers.

20.    The Defendant Loves negligence in hiring unqualified and incompetent personnel was a proximate cause of the injuries to the Plaintiff Chrystal Porter.

## COUNT III – NEGLIGENT TRAINING

21.    The Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

22.    The Defendant Loves had a duty to have adequate policies and procedures in place to ensure that they properly trained, qualified, and competent employees and management for its facilities.

4

23.     The Defendant Loves failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate training of employees and management that were neither qualified nor competent to perform the duties of maintaining a safe premises for consumers.

24.     The Defendant Loves negligence in failing to train personnel was a proximate cause of the injuries to the Plaintiff Chrystal Porter.

### COUNT IV – NEGLIGENT SUPERVISION

25.     The Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

26.     The Defendant Loves had a duty to have adequate policies and procedures in place to ensure that they properly and sufficiently supervise, qualified, and competent employees and management for its facilities.

27.     The Defendant Loves failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate supervision of employees and management that were responsible for maintaining a safe premises for consumers.

28.     The Defendant Loves negligence in failing to supervise personnel was a proximate cause of the injuries to the Plaintiff Chrystal Porter.

29.     Plaintiff hereby incorporates each and every preceding paragraph by reference as if set forth herein, word for word.

## DAMAGES

30.     As a direct and proximate result of Defendant Love's negligent and reckless conduct, the Plaintiff CHrystal Porter has endured pain, suffering, and mental anguish and will continue to endure damages in the future.

31.     As a direct and proximate result of Defendant Love's negligent and reckless conduct, the Plaintiff CHrystal Porter has incurred medical expenses, and will continue to incur medical expenses, in the treatment of injuries sustained in incident giving rise to this action.

32.     By reason of the above damages proximately caused by the conduct of Defendant Love's negligent and reckless conduct, the Plaintiff Chrystal Porter is entitled to recover from the Defendant a sum greater than the Federal Court jurisdictional limits for diversity suits.

33.     Specifically, due to the negligence of Defendant Loves, the Plaintiff Chrystal Porter is entitled to damages for the following:

   a) The nature, extent, duration, and permanency of her injuries, both temporary and permanent to the Plaintiff Chrystal Porter;

   b) The reasonable expense of all medical care, treatment, and services received, including transportation, board and lodging expenses necessarily incurred in securing such care and treatment, for the Plaintiff Chrystal Porter;

   c) The present value of all necessary medical care, treatment, and services including transportation, board and lodging expenses necessarily incurred in securing such care and reasonably certain to be required in the future for the Plaintiff Chrystal Porter;

   d) The pain, suffering, and mental anguish experienced in the past by the Plaintiff Chrystal Porter;

e)  The pain, suffering, and mental anguish reasonably certain to be experienced in the future by the Plaintiff Chrystal Porter;

f)  All other damages afforded under the law or deemed applicable by the Arkansas Model Jury Instructions to which the Plaintiff Chrystal Porter is entitled.

<u>JURY TRIAL DEMANDED</u>

34.    Plaintiff demands a trial by jury.

35.    Plaintiff reserves the right to amend this Complaint including, but not limited to, additional counts and facts supportive of compensatory and/or punitive damage claims as discovery develops.

WHEREFORE, premises considered, the Plaintiff prays for judgment against the Defendant in an amount in excess of the amount necessary for federal jurisdiction in diversity of citizenship cases, the exact amount to be determined by a jury, for attorney's fees and costs of this litigation, and for all other relief to which the Plaintiff may be entitled.

Dated this 4 day of April, 2016.

Respectfully Submitted,

CHRYSTAL PORTER

PLAINTIFF

By: _____

Jafid M. Kinder AR Bar No. 200015037
Craig L. Cook, AR Bar No. 91085
LAW OFFICES OF CRAIG L. COOK
905 West Commercial Street
Ozark, AR 72949
(479) 667-1390 Phone
(479) 667-1392 Fax

7

Jarid@lawofficesofcraiglcook.com
Craig@lawofficesofcraiglcook.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Craig L. Cook, hereby certify that I have served a true and correct copy of the foregoing pleading upon the below named individual by placing same in the U.S. Mail, postage prepaid, this 4 day of April , 2016.

Franklin County Circuit Clerk
211 W. Commercial St.
Ozark, AR 72949

Jarid M. Kinder
Attorney at Law

8

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ARKANSAS
CIVIL DIVISION

CHRYSTAL PORTER )
)
                    PLAINTIFF, )
)     CASE NO. 240 CV-16-38 (1)
VS. )
)     *JURY TRIAL DEMANDED*
LOVE'S TRAVEL STOPS & COUNTRY )
STORES, INC., and )
.)
JOHN DOE 1, JOHN DOE 2, AND JOHN DOE 3, )
)
                DEFENDANTS. )

BEFORE ME, the undersigned authority, personally appeared Jarid M. Kinder, who,

upon first being duly sworn, deposes and states as follows:

1.  I, Jarid M. Kinder, represent the Plaintiff in the above-entitled matter as her attorney at
    law.

2.  I have caused to be filed a Complaint in the above-entitled matter in the appropriate court
    of this state.

3.  At this time, the names and the number of all tortfeasors contemplated in this action are
    unknown.

4.  For the purpose of tolling the statute of limitations, pursuant to Ark. Code Ann. § 16-56-
    125, I have designated the unknown tortfeasors with the pseudo-name John Doe 1, John
    Doe 2, and/or John Doe 3.

5.  Upon determining the identity of the unknown tortfeasor(s) the pseudo name John Doe
    will be replaced with the real name of the defendant in the Complaint of the above-
    entitled matter.

FURTHER, THE AFFIANT SAYETH NOT.

                        By: _____
                             Jarid M. Kinder AR Bar No. 2000 18037
                             LAW OFFICES OF CRAIG L. COOK
                             905 West Commercial Street


EXHIBIT
1

· 1

Ozark, AR 72949
(479) 667-1390 Phone
(479) 667-1392 Fax
Jarid@lawofficesofcraiglcook.com

Attorney for Plaintiffs

STATE OF ARKANSAS      )
                       )
COUNTY OF FRANKLIN     )

Subscribed and sworn to before me this $\underline{14th}$ day of April, 2016.

My Commission Expires:

$\underline{May\ 17th,\ 2023}$

$\underline{\hspace{3cm}}$
Notary Public

2

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ARKANSAS
CIVIL DIVISION

CHRYSTAL PORTER                              )
                                             )
                    PLAINTIFF,               )
                                             )         CASE NO. 240 CV-16-38 (C )
vs.                                          )
                                             )         *JURY TRIAL DEMANDED*
LOVE'S TRAVEL STOPS & COUNTRY                )
STORES, INC., and                            )
                                             )
JOHN DOE 1, JOHN DOE 2, AND JOHN DOE 3, )
                                             )
                    DEFENDANTS.              )

PLAINTIFF'S ATTORNEY: Jarid M. Kinder

ADDRESS: 905 W Commercial St, Ozark, AR 72949

THE STATE OF ARKANSAS TO DEFENDANT:


Love's Travel Stops & Country Stores, Inc.

Through their Agent for Service of Process:

The Corporation Company
124 West Capitol Avenue
Little Rock, Arkansas 72201

1

## NOTICE

1. You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached Complaint.

2. The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements; (A) It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure. (B) It must be filed in the court clerk's office within 30 days from the day you were served with this summons.

3. If you desire to be represented by an attorney, you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

WITNESS my hand and the seal of the Court this 4th day of April, 2016

Address of Clerk's Office:
211 W. Commerical Street
Ozark Arkansas, AR 72949

**WILMA BRUSHWOOD - CIRCUIT CLERK**
Clerk (SEAL)

By: _Sharon Madison, D.C._

2